# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>CHRISTOPHER STEVEN JOHNSON | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: DNCW511CR000020-001<br><br>USM Number: 26340-058<br><br><u>Melissa Owen</u><br>Defendant's Attorney |

THE DEFENDANT:

<u>X</u>    Pleaded guilty to count(s) <u>1, 2, 3, 4, 5 & 6</u>.
___    Pleaded nolo contendere to count(s) which was accepted by the court.
___    Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2251(a) | Sexual exploitation of children | 12/13/10<br>1/24/11 | 1<br>2 |
| 18:2252A(a)(1)(b) & 2 | Transporting child pornography in or affecting interstate or foreign commerce by use of a computer & aiding & abetting | 2/2/11<br>2/24/11<br>3/11/11 | 3<br>4<br>5 |
| 18:2252A(a)(5)(B) | Accessing with intent to view child pornography that has been transported in or affecting interstate or foreign commerce by use of a computer | 3/22/11 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

___    The defendant has been found not guilty on count(s) .
___    Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: October 1, 2012

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge

Date:    October 15, 2012

Defendant: CHRISTOPHER STEVEN JOHNSON  Judgment-Page 2 of 6
Case Number: DNCW511CR000020-001

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED NINETY-EIGHT (198) MONTHS ON EACH OF COUNTS 1 AND 2 TO BE SERVED CONCURRENTLY; ONE HUNDRED NINETY-EIGHT (198) MONTHS ON EACH OF COUNTS 3, 4 & 5 TO BE SERVED CONCURRENTLY WITH EACH OTHER AND WITH THE SENTENCE IMPOSED IN COUNTS 1 AND 2 AND ONE HUNDRED TWENTY (120) MONTHS ON COUNT 6 TO BE SERVED CONCURRENTLY TO THE TERMS IMPOSED IN COUNTS 1, 2, 3, 4 & 5.

_X_  The Court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to FCI Butner.
That be allowed to participate in educational and vocational opportunities while incarcerated.
That defendant be allowed to participate in any available mental health treatment programs while incarcerated.
That defendant support his dependents while incarcerated under the Inmate Financial Responsibility Program.
That defendant participate in a sex offender treatment program while incarcerated, if eligible.

_X_  The Defendant is remanded to the custody of the United States Marshal.

___  The Defendant shall surrender to the United States Marshal for this District:

    ___ As notified by the United States Marshal.

    ___ At___a.m. / p.m. on ___.

___  The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ___ As notified by the United States Marshal.

    ___ Before 2 p.m. on ___.

    ___ As notified by the Probation Office.

**RETURN**

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

                                                    By:

_____
                                                    Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>LIFE on each of counts 1, 2, 3, 4, 5 & 6, ALL SUCH TERMS TO RUN CONCURRENTLY</u>.

___ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively; The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

ADDITIONAL CONDITIONS:

26. The defendant shall submit to a mental health evaluation/treatment program under the guidance and supervision of the U. S. Probation Office. The defendant shall remain in treatment and maintain any prescribed medications until satisfactorily discharged by the program and/or with the approval of the U. S. Probation Office.
27. The defendant shall have no direct or indirect contact, at any time, for any reason with the victim(s), the victim's family or affected parties in this matter unless provided with specific written authorization to do so in advance by the U. S. Probation Officer.
28. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U. S. Probation Officer. The defendant shall complete the treatment recommendations and abide by all of the rules, requirements and conditions of the program until discharged. The defendant shall take all medications as prescribed.
24. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to a polygraph examination and/or Computer Voice Stress Analyzer (CVSA) or other specific tests to monitor the defendant's compliance with supervised release and treatment conditions, at the direction of the U. S. Probation Officer.
25. The defendant's residence and employment shall be approved by the U. S. Probation Officer. Any proposed change in residence or employment must be provided to the U. S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.
26. The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 USC, Section 2256, nor shall the defendant enter any location where such materials can be accessed, obtained or reviewed, including pictures,

photographs, books, writings, drawings, videos or video games.
27. The defendant shall register as a sex offender and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

Defendant: CHRISTOPHER STEVEN JOHNSON
Case Number : DNCW511CR000020-001      Judgment-Page 3A of 6

28. The defendant shall not purchase, possess or control cameras, camcorders or movie cameras without prior approval of the U. S .Probation Office.
29. The defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the U. S. Probation Officer. Such computers,
computer hardware or software is subject to warrantless searches and/or seizures by the U. S. Probation Office.
30. The defendant shall allow the U. S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.
31. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, file folders or volumes of any media. The defendant shall upon request immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.
32. The defendant shall provide a complete record of all passwords, internet service providers, email addresses, email accounts, screen names, etc. (past and present) to the probation officer and shall not make any changes without the prior approval of the U. S. Probation Officer.
33. The defendant shall not have any social networking accounts without the approval of the U. S. Probation Officer
34. During the period of supervised release, the defendant shall notify all employers, family, friends and others with whom he may have regular contact of his conviction and/or history as a sex offender and that the defendant is being supervised by a U. S. Probation Officer.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $600.00 | $0.00 | $0.00 |

$100.00 ASSESSMENT FEE PER COUNT

 X    The determination of restitution is deferred.   Restitution should be determined between now and December 30, 2012. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

**FINE**

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

 X    The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

 X    The interest requirement is waived.

 ___    The interest requirement is modified as follows:

**COURT APPOINTED COUNSEL FEES**

 ___    The defendant shall pay court appointed counsel fees.

 ___    The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $ __600.00__ Due immediately, balance due

          Not later than _____ , or
          In accordance ___ ©, ___ (D) below; or

B      Payment to begin immediately (may be combined with ___ ©, ___ (D) below); or

C      Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

D      Payment in equal _____ installments of $ _____ To commence _____ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

     The defendant shall pay the cost of prosecution.
     The defendant shall pay the following court costs:
X    The defendant shall forfeit the defendant's interest in the following property to the United States: property identified in the Consent Order and Judgment of Forfeiture filed on 8/31/11, document number 16.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 200 West Broad Street, Room 100, Statesville, NC 28677, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____ .

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____  Date: _____
           Defendant

(Signed) _____  Date: _____
           U.S. Probation Office/Designated Witness

Date of Imposition of Sentence: October 1, 2012